# EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 02/03/2022 10:18:59 AM.
30-2022-01243706-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**FALAKASSA LAW, P.C.**
Joshua S. Falakassa (SBN: 295045)
Gregory Lang (SBN: 335036)
1901 Avenue of the Stars Suite # 450
Los Angeles, California 90067
Tel.: (818) 456-6168 | Fax: (888) 505-0868
Email: josh@falakassalaw.com

Attorneys for Plaintiff,
Espri L'heureux

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

Assigned for All Purposes
Judge Theodore Howard

| | |
|---|---|
| ESPRI L'HEUREUX, an individual,<br><br>Plaintiff,<br>v.<br><br>VIVAVENTURES OIL SANDS, a Utah Company; VIVAKOR, INC., a Nevada Corporation; RPC Design and Manufacturing, LLC, a Utah Limited Liability Company; and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 30-2022-01243706-CU-WT-CJC<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) MISCLASSIFICATION AS EXEMPT EMPLOYEE;**<br>**(2) FAILURE TO PROVIDE MEAL PERIODS;**<br>**(3) FAILURE TO PROVIDE REST PERIODS;**<br>**(4) FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS;**<br>**(5) FAILURE TO PAY WAGES DUE AT TERMINATION;**<br>**(6) FAILURE TO TIMELY PAY WAGES;**<br>**(7) PREGNANCY/SEX DISCRIMINATION IN VIOLATION OF FEHA;**<br>**(8) DISCRIMINATION IN VIOLATION OF CFRA;**<br>**(9) INTERFERENCE WITH CFRA RIGHTS;**<br>**(10) RETALIATION IN VIOLATION OF CFRA;**<br>**(11) WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;**<br>**(12) UNFAIR BUSINESS PRACTICES— BUSINESS & PROFESSIONS CODE SECTIONS 17200 *ET. SEQ.*** |

EXHIBIT A, PAGE 16

**DEMAND FOR JURY TRIAL**

**COMES NOW** Plaintiff Espri L'Heureux ("Plaintiff") for the following allegations and causes of action against Defendant Vivaventures Oil Sands, Defendant Vivakor, Inc., Defendant RPC Design & Manufacturing, LLC; and Does 1 through 20 (collectively "Defendants"):

**PARTIES**

1.      Plaintiff is an adult female who at all relevant times is and was residing in the State of California.

2.      Plaintiff is informed and believes and on that basis alleges that Defendant Vivaventures Oil Sands ("Defendant"), is and at all relevant times was a company organized and existing under the laws of the State of Utah, and wholly owned subsidiary of Vivakor, Inc. Defendant does business in the County of Orange, State of California, acquiring properties for development, and overseeing its subsidiaries primarily engaged in producing solvents and methodologies for the extraction of crude oil. Plaintiff worked for Defendant out of its corporate office in Irvine, California, in the County of Orange

3.      Plaintiff is informed and believes and on that basis alleges that Defendant Vivakor, Inc. ("Defendant" or "Vivakor"), is and at all relevant times was a corporation organized and existing under the laws of the State of Nevada. Defendant does business in the County of Orange, State of California, acquiring properties for development, and overseeing its subsidiaries primarily engaged in producing solvents and methodologies for the extraction of crude oil. Plaintiff worked for Defendant out of its corporate office in Irvine, California, in the County of Orange.

4.      Plaintiff is informed and believes and on that basis alleges that Defendant RPC Design and Manufacturing, LLC ("Defendant" or "RPC"), is and at all relevant times was a wholly owned subsidiary of Vivakor, Inc., organized and existing under the laws of the State of Utah. Defendant does business in the County of Orange, State of California, primarily engaged in producing solvents and methodologies for the extraction of crude oil. Plaintiff worked for Defendant out of its corporate office in Irvine, California, in the County of Orange.

EXHIBIT A, PAGE 17

5.      Defendants employed Plaintiff and more than 5 employees. As such, Defendant was at all relevant times an "employer" defined by the California Fair Employment and Housing Act ("FEHA") and the California Family Rights Act ("CFRA").

6.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereupon alleges that each of the fictitiously named Defendants is legally and/or equitably responsible for the occurrences herein alleged. At all times herein mentioned Defendants, and each of them, were the agents and employees of the other Defendants, and each of them, and in doing the things hereinafter alleged, were acting in the course and scope of the agency and employment and with the permission of Defendants, and each of them.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction over this matter because at all times relevant herein, Plaintiff was employed and terminated by Defendants in the County of Orange. Therefore, all of Plaintiff's injuries occurred in Orange County, California to a sum of at least $25,000.

8.      Venue is proper in the County of Orange because at all times relevant herein Plaintiff worked for Defendants in Irvine, California in the County of Orange. Defendants have at all relevant times maintained, owned and managed properties in Orange County, California and committed wrongful conduct against Plaintiff in Orange County, California.

9.      This Court is the proper court for trial in this action in that the actions and omissions of Defendant as alleged herein were made within this Court's jurisdictional area.

## COMMON FACTUAL ALLEGATIONS

10.     Defendant hired Plaintiff on or about November 2019 as a receptionist and front desk worker. At all relevant times, Plaintiff successfully performed her job duties to the satisfaction of her managers and supervisors.

11.     At all relevant times, Defendants obviously misclassified Plaintiff as an independent contractor. Amongst other things, Plaintiff was not customarily engaged in an independently established trade or business of the same nature as the work performed for Defendants.

12.     Nevertheless, on or about December 2020, Plaintiff informed her employers that she was pregnant.

13.     Throughout her pregnancy, Plaintiff would request time off for doctor's appointments. Time for this pregnancy-related appointments was routinely granted by Defendants.

14.     On or about May 2021, due to her pregnancy, Plaintiff requested maternity leave. Plaintiff had to request maternity leave multiple times, until it was eventually approved during an in-person conversation with Tyler Nelson on or about the week of June 14, 2021. Plaintiff had a further conversation about maternity leave via email on or about June 24, 2021. Plaintiff's understanding from these conversations with her supervisor Tyler Nelson was that she would be granted maternity leave of six weeks. Plaintiff gave birth on July 6, 2021, and informed her supervisor on July 27, 2021 that she would return on August 18, 2021.

15.     On August 2, 2021, Plaintiff's supervisor, Tyler Nelson, informed her that business was slow and that she was not eligible for maternity leave or unemployment because she was not an employee, but was an independent contractor.

16.     On or about September 9, 2021, Plaintiff was informed via a telephone conversation with an agent of Defendants that Defendants had no intentions to bring her back to work. At all relevant times, Plaintiff was misclassified as an independent contractor and was misinformed of her rights under California law, including but not limited to the right to maternity leave, the right to the protections of the Fair Employment and Housing Act ("FEHA"), and her right to baby bonding time and pregnancy disability leave ("PDL") under the California Family Rights Act ("CFRA").

17.     Defendants' acts and/or omissions resulted in substantial improper cost savings to the Defendants, as well as the improper loss of pay, benefits and protections to Plaintiff. Plaintiff

worked diligently for nearly two years while being denied, among other things, legally required and uninterrupted meal and rest break times during multiple periods, at the direction and oversight of Defendants. Plaintiff was also not timely paid all the compensation to which she was entitled upon the termination of her employment with Defendants and was not reimbursed for necessary business expenditures.  Instead, Defendants have willfully failed to ever pay Plaintiff certain accrued wages and other compensation due to her.

18.     Plaintiff is informed and believes, and based thereon alleges that Defendants discriminated against Plaintiff on account of her sex and pregnancy by terminating her for exercising her right to pregnancy-related leave.

19.     Plaintiff further alleges that Defendants violated California's CPRA for interfering with Plaintiff's attempt to exercise the right to baby bonding leave, and/or retaliation against Plaintiff for taking leave. (Gov. Code, § 12945.2 *et seq*.).

20.     Plaintiff also alleges that her termination was in violation of California's fundamental public policy of protecting the pregnant as encompassed by the FEHA and CFRA.

21.     On December 3, 2021, Plaintiff filed with the California Department of Fair Employment and Housing ("DFEH") a complaint-charging Defendant with discrimination in violation of FEHA. On the same date, the DFEH issued Plaintiff a right-to sue letter.

## FIRST CAUSE OF ACTION

### (Misclassification as an Independent Contractor)

### (Against All Defendants)

22.     Plaintiff re-alleges each and every allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

23.     The California Supreme Court has applied the "ABC test" through its landmark decision in *Dynamex*. (See *Dynamex Operations West, Inc. v. The Superior Court of Los Angeles County* (2018) 4 Cal.5th 903.)(See *Vazquez v. Jan-Pro Franchising International, Inc.* (2019) 923 F.3d 575.) The "ABC Test" is the relevant test to determine whether Plaintiff was misclassified as an independent contractor. The three-prong test requires satisfaction of all three elements which are:

EXHIBIT A, PAGE 20

"(1) that the worker is free from the control and direction of the hirer in connection with the performance of the work, both under the contract for the performance of such work and in fact;

(2) that the worker performs work that is outside the usual course of the hiring entity's business; and

(3) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed for the hiring entity." (*Dynamex Operations West, Inc. v. The Superior Court of Los Angeles County* (2018) 4 Cal.5th 903, 916-917).

24.     Defendants will not be able to establish a single prong, much less all three. Plaintiff was a receptionist, which is a standard feature of any corporate office. Defendants directed Plaintiff's day-to-day activities. Plaintiff was not engaged in an independent trade of being a receptionist while she worked for Defendants only.

25.     Nonetheless, the Defendants misclassified Plaintiff as an independent contractor while knowingly benefiting from Plaintiff working full time for them.

26.     As an actual and proximate cause of the Defendants' violations of the applicable California wage and hour laws, as well as FEHA, CFRA, and other rights and privileges granted to employees in California, Plaintiff has suffered resulting financial damage in form of lost wages and benefits.

## SECOND CAUSE OF ACTION

### (Failure to Provide Meal Periods or Compensation)

### (Against all Defendants)

27.     Plaintiff re-alleges each and every allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

28.     Pursuant to Labor Code § 512, no employer shall employ an employee for a work period of more than five (5) hours without a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. Furthermore, no employer shall employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes in which the employee is relieved of all of her or her duties.

EXHIBIT A, PAGE 21

29.     At all relevant times, because of Defendants' misclassification of Plaintiff, Defendants failed to provide timely and compliant meal periods of at least 30-minutes before the fifth hour of work, and second meal periods for shifts in excess of ten hours. Additionally, Defendants failed to pay Plaintiff one additional hour of pay at the employee's regular rate of compensation for each workday that a complaint meal period was not provided.

30.     Pursuant to Labor Code § 226.7, if an employer fails to provide an employee with a meal period or rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that a non-compliant meal period is not provided.

31.     By failing to keep adequate time records, as required by Labor Code § 226 and §1174, Defendant made it difficult to calculate the unpaid meal period compensation due Plaintiff.

32.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of one additional hour of pay at the employee's regular rate of compensation for each work day that a complaint meal period was not provided, in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code § 226 and § 226.7, Code of Civil Procedure § 1021.5, and Civil Code § 3287.

**THIRD CAUSE OF ACTION**

**(Failure to Provide Rest Periods or Compensation)**

**(Against all Defendants)**

32.     Plaintiff re-alleges each and every allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

33.     At all relevant times, because of Defendants' misclassification of Plaintiff, Defendants failed to provide Plaintiff will all rest periods for every four (4) hours or major fractions thereof worked per day by Plaintiff. Additionally, Defendants failed to pay Plaintiff one additional hour of pay at the employee's regular rate of compensation for each workday that a complaint rest period was not provided.

34.     By their failure to provide rest periods for every four (4) hours or major fractions thereof worked per day by Plaintiff, and failing to provide compensation for such unprovided rest periods, Defendants willfully violated the provisions of Labor Code § 226.7 and the IWC Wage Order.

35.     Pursuant to Labor Code § 226.7, if an employer fails to provide an employee with a rest period as provided in the applicable Wage Order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that a complaint rest period is not provided.

36.     As a result of the unlawful acts of Defendants, Plaintiff has been deprived of one additional hour of pay at Plaintiff's regular rate of compensation for each work day that the rest period was not provided, in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code § 226 and § 226.7, Code of Civil Procedure §1021.5, and Civil Code § 3287.

## FOURTH CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Wage Statements)

### (Against all Defendants)

37.     Plaintiff re-alleges each and every allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

38.     California Labor Code § 226, subdivision (a) requires Defendants to provide Plaintiff with itemized wage statements consisting of gross wages earned, total hours worked, all deductions from payment of wages, net wages earned, the inclusive dates of the period for which she is paid, the name and address of the legal entity that is her employer, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by Plaintiff.  Defendants, and each of them, have knowingly and intentionally failed to comply with Labor Code § 226, subdivision (a) on each and every wage statement that should have been provided to Plaintiff.

39.     At all relevant times, as a result of Defendants' misclassification of Plaintiff, Defendants failed to issue Plaintiff with accurate itemized wage statements in compliance with Labor Code 226(a).

40.     As a result of Defendants' unlawful conduct, and each defendant constituting Defendants' unlawful conduct, Plaintiff has suffered injury. The absence of accurate information on her wage statements has delayed timely challenge to Plaintiff's unlawful pay practices, requires discovery and mathematical computations to determine the amount of wages owed, causes difficulty and expense in attempting to reconstruct time and pay records, and led to submission of inaccurate information about wages and amounts deducted from wages to state and federal government agencies.

41.     Pursuant to Labor Code §226, subdivision (e) Plaintiff is entitled to recover Fifty Dollars ($50) for the initial pay period during the Penalty Period in which violation of Labor Code § 226 occurred and One Hundred Dollars ($100) for each violation of Labor Code § 226 in a subsequent pay period, not to exceed an aggregate penalty of Four Thousand Dollars ($4,000). Further, pursuant to Labor Code § 226, subdivisions (e) and (g), Plaintiff is entitled to recover the full amount of penalties due under Labor Code § 226, subdivision (e), as well as reasonable attorney's fees and costs of suit.

### FIFTH CAUSE OF ACTION

**(Failure to Pay Wages Due at Termination)**

**(Against all Defendants)**

42.     Plaintiff re-alleges each and every allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

43.     California Labor Code § 201 and § 202 require Defendant to pay all of an employee's wages immediately upon termination of employment.  Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced.  The penalty cannot exceed 30 days of wages.

44.     As alleged above and below, Plaintiff is entitled to compensation for wages earned and wages for missed meal and rest periods, but to date has not received such compensation. Furthermore, after being terminated on or about September 9, 2021, Plaintiff was not provided her final pay/wages in a timely manner as required by Labor Code §§ 201-203.

45.     As a consequence of Defendant's willful conduct in not paying wages for missed rest and meal periods and failing to timely pay all wages due upon termination, Plaintiff is entitled to thirty (30) days wages as a penalty under Labor Code § 203, together with interest thereon and attorneys' fees and costs pursuant to Labor Code § 218.5 and §1194, Code of Civil Procedure § 1021.5, and Civil Code § 3287.

### SIXTH CAUSE OF ACTION

**(Failure to Timely Pay Wages)**

**(Against all Defendants)**

46.     Plaintiff re-alleges each and every allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

47.     As a result of Defendants' misclassification of Plaintiff, Defendants to date have failed to pay Plaintiff all wages due and owing to her, including but not limited to premium pay for missed meal and rest periods. As a proximate result of Defendants' willful, knowing and intentional violations of the Labor Code, Plaintiff has suffered and continues to suffer wage losses in a sum according to proof.

48.     Plaintiff also seeks interest thereon, and attorneys' fees and costs in prosecuting her claim pursuant to Labor Code § 218.5 and § 1194, Code of Civil Procedure §1021.5, and Civil Code §3287.

### SEVENTH CAUSE OF ACTION

**(Sex/Pregnancy Discrimination in Violation of FEHA)**

**(Against All Defendants)**

49.     Plaintiff incorporates each allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

50. At all times herein mentioned, Government Code § 12940 *et seq.*, § 12926.1, § 12945.2 ("FEHA") were in full force and effect and binding upon Defendants. The FEHA requires that Defendants refrain from discharging any person from employment on the basis of sex, including pregnancy.

51. Plaintiff is, and at all times herein mentioned was a female "employee" who was pregnant and took maternity leave during her employment with Defendants.

52. Plaintiff is informed and believes and thereon alleges that Defendants terminated Plaintiff substantially based upon her sex/pregnancy.

53. As such, Defendants' termination of Plaintiff was in violation of the FEHA. Plaintiff's pregnancy and/or female sex was a substantial motivating reason for Defendants' decision to terminate Plaintiff. Plaintiff was harmed, and Defendants' conduct was a substantial factor in causing Plaintiff's harm.

54. As a result of Defendants' wrongful discharge of Plaintiff, she has suffered and continues to suffer damages in the form of lost wages and other employment benefits, and severe emotional and physical distress, the exact amount of which will be proven at trial.

55. Defendants and each of them acted for the purpose of causing Plaintiff to suffer financial loss and severe emotional distress and physical distress and are guilty of oppression and malice, justifying an award of exemplary and punitive damages which will be proven at trial.

56. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

57. The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on sex/pregnancy and required Defendants' managers, officers, and agents to prevent sex/pregnancy discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and

EXHIBIT A, PAGE 26

other female/pregnant employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

### (Discrimination in Violation of CFRA)

### (Against All Defendants)

58.     Plaintiff incorporates each allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

59.     All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes Government Code § 12945.2 et seq. ("CFRA"). Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 5 or more full or part-time employees.

60.     It is unlawful for an employer to discriminate against any employee for exercising their right to unpaid leave under the CFRA.

61.     Plaintiff has a disability under FEHA/CFRA and was further entitled to both Pregnancy Disability Leave ("PDL") and baby-bonding leave under CFRA. Plaintiff gave appropriate notice of her need to be absent from work at least 30 days before leave was to begin, or alternatively as soon as practicable after she learned of the need for medical leave. Nevertheless, Plaintiff was terminated while on CFRA leave, and Plaintiff's medical leave was a substantial, motivating, and determinative factor for Defendants to terminate Plaintiff's employment.

62.     As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession.

63.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to

continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs under California Government Code §12965(b).

64.     The actions taken against Plaintiff were carried out and ratified by officers and managers of Defendants. In addition, Defendants had in place policies and procedures that specifically prohibited discrimination based on disability and required Defendants' managers, officers, and agents to prevent disability discrimination. However, Defendants chose to consciously and willfully ignore said policies. Therefore, Defendants' conduct was outrageous, malicious, oppressive and done in wanton disregard for the rights of Plaintiff and other disabled employees. Each Defendant aided, abetted, participated, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged herein. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### (Interference with CFRA Rights)

### (Against All Defendants)

65.     Plaintiff incorporates each allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

66.     All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes Government Code § 12945.2 et seq. ("CFRA").  Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 5 or more full or part-time employees.

67.     The CFRA provide job security to an employee who is absent from work because of the employee's pregnancy-related disability and baby bonding, amongst other things.

68.     It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right under the CFRA. (Cal. Gov. Code § 12945.2.) It is likewise unlawful for an employer to refuse to grant an employee medical leave under the CFRA.

69.     Defendants willfully interfered with Plaintiff's FMLA/CRFA rights and her exercise of those rights by terminating her employment while she was on CFRA leave. Plaintiff gave appropriate notice of her need to be absent from work at least 30 days before leave was to

EXHIBIT A, PAGE 28

begin, or alternatively as soon as practicable after she learned of the need for leave. Nevertheless, Plaintiff was terminated while on CFRA leave, and Plaintiff's leave was a substantial, motivating, and determinative factor for Defendants to terminate Plaintiff's employment. Further, Defendants' made false representations to Plaintiff about her rights under CFRA via emails on or about August 2, 2021.

70.     As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession. Further, Defendants' interference with Plaintiff's CFRA rights was not in good faith; therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the entire award of lost wages, benefits, etc., and interest.

71.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs. (29 U.S.C. § 2617(a)(3) and 29 C.F.R. § 825.400(c); Cal. Gov. Code, § 12965, subd. (b).)

## TENTH CAUSE OF ACTION

### (Retaliation in Violation of CFRA)

### (Against All Defendants)

72.     Plaintiff incorporates each allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

73.     All relevant times herein, Plaintiff was entitled to protected leave under the FEHA, which includes Government Code § 12945.2 et seq. ("CFRA").  Defendants did business in the State of California, and Plaintiff is informed and believes Defendants employed 5 or more full or part-time employees.

74.     It is unlawful for an employer to retaliate against an employee for requesting or taking protected leave under the CFRA. (Cal. Gov. Code § 12945.2(l).)

EXHIBIT A, PAGE 29

75.    Plaintiff was eligible for both pregnancy leave and baby bonding leave due to her pregnancy, and both requested and took leave for her pregnancy.

76.    Defendants terminated Plaintiff's employment based on Plaintiff's taking of "maternity leave" and request further leave, or a part-time accommodation, to bond with her baby. Plaintiff's requested and taken leave was a substantial motivating reason for her termination by Defendants. Plaintiff was harmed, and Defendants' termination of Plaintiff's employment was a substantial factor in causing Plaintiff's harm.

77.    As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession. Further, Defendants' interference with Plaintiff's CFRA rights was not in good faith; therefore, Plaintiff may recover, as liquidated damages, an additional amount equal to the entire award of lost wages, benefits, etc., and interest. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys' fees and costs.

### ELEVENTH CAUSE OF ACTION

**(Wrongful Termination in Violation of Public Policy)**

**(Against All Defendants)**

78.    Plaintiff incorporates each allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

79.    The FEHA, CFRA, and other California laws, reflect the fundamental public policies of the State of California. These public policies are designed to prevent discrimination/retaliation based on sex/pregnancy and to prevent the interference of employee's rights to use protected leave, amongst other public polices.

80.    The actions of Defendants in terminating Plaintiff on the grounds alleged herein were wrongful and in direct contravention of the fundamental public policies of the State of California.

EXHIBIT A, PAGE 30

81.     As a proximate result of the aforesaid acts and omissions of Defendants, Plaintiff has suffered actual, consequential and incidental financial loss, including, loss of wages and benefits, and the intangible loss of employment related opportunities in her field, and future employment in her profession.

82.     As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.  As a result of the acts of Defendants as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs as provided in Code of Civil Procedure § 1021.5.

**TWELFTH CAUSE OF ACTION**

**(Unfair Competition –Violation of Business and Profession Code 17200 et seq.)**

**(Against All Defendants)**

83.     Plaintiff incorporates each allegation set forth in the paragraphs above, inclusive, and incorporates each by reference as through fully set forth hereat.

84.     Defendants' misclassification of Plaintiff and related failure to compensate for unprovided meal/rest periods as required under the IWC Wage Orders and under the California Labor Code, failure to issue accurate wage statements as alleged herein, failure to provide all wages due upon termination, failure to timely pay wages, failure to reimburse necessary business expenses, violations of FEHA and CFRA, and wrongful termination in violation of public policy constitute unlawful activity prohibited by Business & Professions Code §17200, *et seq.*

85.     The actions of Defendants in failing to pay Plaintiff in a lawful manner, and terminating Plaintiff in violation of Gov. Code § 12940 *et seq.*, as alleged herein, constitute false, unfair, fraudulent and deceptive business practices within the meaning of Business & Professions Code §17200, *et seq.*

86.     Plaintiff is entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

87.     As a result of their unlawful acts, Defendants should be enjoined from its activity and restore to Plaintiff the wrongfully withheld compensation pursuant to Business & Professions Code §17203.  Plaintiff is informed and believes and based thereon alleges that Defendants are unjustly enriched through their misclassification of Plaintiff resulting in her not receiving premium pay for missed meal periods and rest breaks, failure to pay all wages earned upon termination, and failure to timely pay wages.  Plaintiff is informed and believe and based thereon alleges that Plaintiff is prejudiced by Defendants' unfair trade practices.

88.     As a direct and proximate result of the unfair business practices of Defendant, Plaintiff is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and overtime which have been unlawfully withheld from Plaintiff as a result of the business acts and practices described herein and enjoining Defendant to cease and desist from engaging in the practices described herein.

**WHEREFORE**, Plaintiff prays for the following relief against all Defendants:

A.  As to the First through Sixth Causes of Action,

    a.  Compensatory damages according to proof at trial;

    b.  Statutory damages, liquidated damages and penalties.

    c.  Prejudgment and post judgment interest; and

    d.  Any other relief the court deems proper.

B.  As to the Seventh through Eleventh Causes of Action,

    a.  General and special damages according to proof at trial;

    b.  Exemplary and punitive damages according to proof at trial;

    c.  Reasonable attorneys' fees and costs under 29 U.S.C. § 2617(a)(3) and 29 C.F.R. § 825.400(c);

    d.  Prejudgment and post judgment interest; and

    e.  Any other relief the court deems proper.

C.  As to the Twelfth Cause of Action,

    a.  For preliminary and permanent injunctions pursuant to Business & Professions Code §17203, enjoining and restraining Defendants from continuing the unlawful and unfair business practices set forth above and

EXHIBIT A, PAGE 32

1    requiring the establishment of appropriate and effective means to prevent

2    future violations;

3    b.   For restitution of wages and benefits due which were acquired by means of

4    any unfair business practice, according to proof.

5    c.   For all such other and further relief that the court may deem just and proper.

6                          Respectfully Submitted,

7                          **FALAKASSA LAW, P.C.**

8                          Dated this 2nd of February 2022

9

10

11    _____

12    Joshua S. Falakassa
      Gregory Lang

13    Attorney for Plaintiff Espri L'heureux

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A, PAGE 33

Electronically Filed by Superior Court of California, County of Orange, 02/03/2022 10:18:59 AM.
30-2022-01243706-CU-WT-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Joshua Falakassa (SBN #295045)<br>1901 Avenue Of The Stars, Ste 450, Los Angeles, CA 90067-6006<br><br>TELEPHONE NO.: 818-456-6168   FAX NO. (Optional):<br>E-MAIL ADDRESS: josh@falakassalaw.com<br>ATTORNEY FOR (Name): Espri L'Heureux | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**
STREET ADDRESS: 700 W Civic Center Dr
MAILING ADDRESS: 700 W Civic Center Dr
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2022-01243706-CU-WT-CJC |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Theodore Howard<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): 12, Wrongful termination in violation of FEHA, misclassification, and related causes of action
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: February 2, 2022
Joshua Falakassa
_____   ►   _____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

EXHIBIT A, PAGE 34

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, only parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. September 1, 2021]          **CIVIL CASE COVER SHEET**          Page 2 of 2

EXHIBIT A, PAGE 35

Case 8:22-cv-01363-CJC-DFM   Document 1-1   Filed 07/22/22   Page 22 of 22   Page ID #:38
Electronically Filed by Superior Court of California, County of Orange, 02/03/2022 10:18:59 AM.
30-2022-01243706-CU-WT-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Hailey McMaster, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

VIVAVENTURES OIL SANDS; VIVAKOR, INC., a Nevada Corporation; RPC Design and Manufacturing, LLC, a Utah Limited Liability Company; and DOES 1 through 20, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ESPRI L'HEUREUX, an individual.

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* ORANGE COUNTY SUPERIOR COURT CENTRAL JUSTICE CENTER 700 Civic Center Drive West, Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):* 30-2022-01243706-CU-WT-CJC Judge Theodore Howard |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Joshua Falakassa, 1901 Avenue Of The Stars, Ste 450, Los Angeles, CA 90067-6006, 818-456-6168

DATE: 02/03/2022   DAVID H. YAMASAKI, Clerk of the Court   Clerk, by   *H. McMaster*   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

Hailey McMaster

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* RPC Design and Manufacturing, LLC
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXHIBIT A, PAGE 36